IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS UNION LOCAL NO. 2236, affiliated with the Norther California Carpenters Regional Council, and the United Brotherhood of Carpenters and Joiners of America,<br><br>      Plaintiff,<br><br>  v.<br><br>THE MCGUIRE FURNITURE COMPANY, a North Carolina Corporation,<br><br>      Defendant.<br>_____ / | No. C 13-02877 WHA<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND SETTING FURTHER CASE MANAGEMENT CONFERENCE** |

### INTRODUCTION

In this labor dispute, plaintiff union moves to compel arbitration. To the extent stated below, the motion is **GRANTED**.

### STATEMENT

This action boils down to an attempt by the employer to avoid a provision in the collective bargaining agreement ("CBA") in favor of a slightly different provision in the Kohler Co. 401(k) Savings Plan (the "plan"). Plaintiff union wants compliance with the CBA 401(k) employer-matching provision. Defendant employer's opposition argues that the plan provision is inextricably involved in the dispute but not subject to the CBA arbitration clause.

Both plaintiff and defendant agree they are parties to the CBA.  Section 14 governs arbitration under the CBA:

> In the event the parties are unable to resolve a grievance or dispute arising under this agreement, such grievance or dispute shall be referred to an Arbitration Committee . . .  The decision of a majority of the Arbitration Committee shall be final and binding upon the parties hereto.  Such decision shall be within the scope and terms of this Agreement, but shall not change any of its terms or conditions . . .  Any arbitration under this Agreement shall be limited to its interpretation and application, and shall not include any new terms, additions to, or modifications of the provisions hereof.

(Dkt. No. 12-1 at 11).  The 401(k) matching provision is governed by Section 22:

> The Company agrees to match twenty-five ($0.25) cents per one dollar ($1.00) employee contribution, up to two percent (2%) of the employee's gross earnings, into the 401(k) Plan for the duration of this agreement.

(Dkt. No. 12-1 at 14).  The Kohler Co. 401(k) Savings Plan contains similar language:

> Effective September 1, 1998, the Employer shall make contributions to the Plan with respect to each payroll period on behalf of each Participant in an amount equal to 25 percent of that portion of the Participant's Elective Contributions which does not exceed 2 percent of his Compensation in such payroll period.

(Dkt. No. 34-1 at B.3-1).

In February 2013, plaintiff filed its grievance that defendant's "contributions to 401K Plan [sic] are not in accordance with Section 22."  They were unable to resolve the dispute. Plaintiff subsequently filed a motion to compel arbitration in state court.  Defendant removed here.  Plaintiff union now moves to compel arbitration under the CBA pursuant to Section 301 of the Labor Management Relations Act ("LMRA").  This order follows full briefing and oral argument.

**ANALYSIS**

Section 301 of the LMRA confers jurisdiction on the federal courts to enforce collective bargaining agreements and other agreements between employers and employee representatives. 29 U.S.C. 185.  This jurisdiction includes the enforcement of agreements requiring resolution of disputes through arbitration.  E.g., *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 455

(1957); *Gen. Teamsters Union Local No. 174 v. Trick & Murray, Inc.*, 828 F.2d 1418, 1420 (9th Cir. 1987).

Arbitration "is a matter of contract," and a party cannot be required to submit a dispute to arbitration unless it has consented to do so. *AT & T Techs. Inc. v. Commc'ns Workers of America*, 475 U.S. 643, 648–49 (1986). The question of whether the parties have agreed to arbitration is to be decided by the court and not the arbitrator, unless the parties have clearly and unmistakably provided otherwise. *Ibid*. If a contract between the parties contains an arbitration clause, the court should enforce that clause "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id*. at 650. Any "[d]oubts should be resolved in favor of coverage." *Ibid* (internal quotation marks and citations omitted).

Both parties agree that a valid agreement to arbitrate exists, but disagree on whether the agreement encompasses the dispute at issue and thus whether they both consented to arbitrate this dispute. Defendant argues that it has not consented to arbitrate this issue because "this matter falls outside of the scope of the limited arbitration clause in the CBA" (Opp. 1). Defendant argues that this is so because, according to defendant, "[i]n order to determine the meaning of the CBA's 401(k) contribution language, the arbitrator would be required to interpret and apply the 401(k) contribution terms in the distinct and separate 401(k) Plan." Defendant stresses that the arbitration provision is limited to the interpretation and application of the CBA" (Opp. 5).

Defendant cannot explain why the plan provision is vital to the meaning of the CBA provision. Defendant merely argues that "the controlling 401(k) Plan . . . already occupies the field relating to Plan contributions," and notes that the dispute "may affect the application of [the plan's rival] term in the administration of the separate" plan (Opp. 5)

These arguments are speculative and further assume that plaintiff's grievance is ultimately based on the plan rather than the CBA. Defendant has made no showing in support of this assumption. Defendant simply argues: "the dispute between the parties does not arise under the CBA alone, but also under the ERISA-regulated 401(k) Plan" (Opp. 5–6). Not so. The terms

3

of the employer contribution are detailed in the CBA. Defendant has not shown that the CBA provision is incomplete. Further, defendant has failed to show that plaintiff's grievance ultimately requires interpretation of the plan provision. Defendant's argument seems to suggest that the provision in the CBA is merely an inaccurate placeholder for the plan provision. Such a finding would render the language in the CBA powerless. This order does not so find.

Defendant also argues that plaintiff's motion must fail because granting it would require the arbitrator to reform the plan, which is barred (Opp. 1–2). Defendant's argument is based on the same assumptions as detailed above, but defendant relies on *CIGNA Corp. v. Amara*, __ U.S. __, 131 S. Ct. 1866 (2011), to argue that even if this motion was granted, the arbitrator would be barred from reforming the plan. In that decision, the Supreme Court found that the district court had no authority under ERISA Section 502(a)(1)(B) to reform CIGNA's pension plan. In so ruling, the Court rejected an argument that documents summarizing CIGNA's pension plan were not "terms" of the plan. *Id*. at 1877-78.

Defendant's reliance on *CIGNA* is inapposite. *First*, *CIGNA* is an ERISA action. As such, the Court specifically evaluated Section 502. Such an analysis is not applicable to this action despite defendant's attempts to argue that this ought to be an ERISA action. Breach of a CBA benefits provision "violates both LMRA § 301 and ERISA." *Alday v. Raytheon Co.*, 693 F.3d 772, 782 (9th Cir. 2012). It may be true that plaintiff also has an action under ERISA, but defendant provides no authority to show that plaintiff cannot bring this action under the LMRA. Instead, defendant cites vaguely to the ERISA statute (Opp. 6). This is inadequate.

*Second*, the *CIGNA* decision evaluates a *district court's* power under the ERISA statute. This order evaluates an *arbitrator's* power under a CBA arbitration provision.

*Third*, the Supreme Court in *CIGNA* found that summaries of the pension plan were not terms of the pension plan itself. The CBA in this action is not a summary of the plan. Rather, the CBA is a contract between McGuire Furniture Company and Carpenters Union Local No. 2236 and both parties are bound by its terms.

*Fourth*, defendant has not shown that an arbitrator would have to rely on the plan provision. The union seeks to enforce the CBA contribution clause and any need to resort to the

4

plan document will not require more than ancillary examination of the plan. Defendant has failed to make an adequate showing. The Supreme Court has instructed that any "[d]oubts should be resolved in favor of coverage." *AT & T Techs. Inc.*, 475 U.S. at 650. This order so finds.

At oral argument, defendant referred to *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491 (9th Cir. 1990). Defendant did not cite this decision in its opposition. Regardless, *Miramar* is not helpful to defendant. Defendant referred to *Miramar* by reading the following passage:

> neither an employer nor a union, singly or together, can alter the terms of a trust instrument such as the one involved in this case unless the power to do so was reserved when the trust was created or properly amended.

*Miramar*, 920 F.2d at 1495. *First*, defendant's reliance on *Miramar* once again assumes that plaintiff's grievance relies on the plan provision rather than the CBA. In *Miramar*, the dispute was expressly based on terms outside the CBA. In this action, the claim is based on a provision in the CBA. *Second*, as in *CIGNA*, *Miramar* was an ERISA action. *Third*, no breach of the CBA was alleged in *Miramar*. *Fourth*, the rule defendant quoted at oral argument was not dispositive in the case and our court of appeals ruled *against* the employer.

## CONCLUSION

The motion to compel arbitration is **GRANTED**. The arbitration must be completed by **JUNE 30, 2014.** A case management conference will be held on **JULY 17, 2014, AT 11:00 A.M.**, to verify that all has been done.

**IT IS SO ORDERED.**

Dated: December 6, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE